EMIL KIMMEL, Plaintiff, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant.

Municipal Court of New York, Borough of Bronx, Second District, January 21, 1938.

*Thomas K. Saltzman,* for the plaintiff.

*William J. McArthur* [*Maury M. Katz* of counsel], for the defendant.

LEVY, J.  The defendant issued to plaintiff a so-called merchants protective bond which, *inter alia*, provided coverage up to $100 for loss " occasioned by hold-up, as defined in Condition 1, inflicted upon the obligee [the plaintiff], or any of the obligee's employees, occurring upon and while said premises are open for business." Condition 1 of the contract defined " hold-up " as " a felonious and forcible taking of property by violence inflicted upon the obligee or any of the obligee's employees, or by placing such persons in fear of violence."

The plaintiff is the owner of a small candy store.  On August 21, 1937, while the policy was in force, the store was in sole charge of the plaintiff's wife.  Shortly before noon a man entered, ordered and obtained from Mrs. Kimmel a bottle of ginger ale and went into a telephone booth in the store.  He did not drink the ale nor use the phone but watched the plaintiff's wife as she was counting the plaintiff's money.  Mrs. Kimmel noticed this and became frightened and concealed the box containing the money.

The man left the phone booth, went to the sidewalk in front of the store and dropped the bottle of ale.  He then returned and ordered a new bottle of ale.  The plaintiff's wife complied and then she fetched a broom in the store and left to sweep the sidewalk. A few minutes later the man left the store and passed Mrs. Kimmel while she was still sweeping the sidewalk.  Thereupon she returned to the store and found that the money which she thought she had concealed was missing.  The loss claimed was eighty-two dollars.

Assuming that the man walked away with the money, the issue in this case is, was the taking a " hold-up " as defined in the policy? That is, was it (1) felonious, and (2) forcible, and (3) perpetrated by placing the plaintiff's wife in fear of violence?

We can assume that Mrs. Kimmel was placed in fear of violence. We can assume further that there was a taking and that this taking was felonious.  I cannot find, however, that there was any " forcible " taking within the meaning of the contract of coverage. It seems to me that the taking in this case constituted a pilfering or sneak theft.  The loss was occasioned by surreptitious larceny rather than by a forcible hold-up.  Unfortunately for the plaintiff the agreement of indemnity in this case covers one type of loss, not the other, and the court is bound by the unambiguous language of the contract voluntarily entered into between the parties.

I find for the defendant on the facts and the law, dismissing the complaint on the merits.  Five days' stay of execution after entry and service of judgment.